# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEEANN CAMPBELL, JENNIFFER SMITH and ELEANOR M. STUTZMAN,** | : : : | **CIVIL ACTION NO. 1:10-CV-1813** |
| | : | **(Judge Conner)** |
| Plaintiffs, | : | |
| v. | : | |
| **PINNACLE HEALTH SYSTEM,** | : : | |
| Defendant | : | |

## ORDER

AND NOW, this 31st day of July, 2012, upon consideration of the motion to dismiss (Doc. 27) filed by defendant Pinnacle Health System on May 30, 2012, wherein defendant moves to dismiss the complaint in the above-captioned action due to plaintiffs' failure to comply with this court's order of March 26, 2012, directing plaintiffs to identify replacement counsel or notify the court of their intent to proceed *pro se* within 45 days (see Doc. 26),[1] and it appearing that plaintiffs have neither complied with the court order nor responded to defendant's motion to dismiss, and that the court has received no communication whatsoever from any of the plaintiffs since March 23, 2012, (see Doc. 24), and the court noting that a

---

[1] Counsel for plaintiffs, Robert Mirin, Esquire, passed away on February 9, 2012. (See Doc. 23). By court order dated February 15, 2012, the court directed plaintiffs to identify replacement counsel or notify the court of their intent to proceed *pro se* within 30 days. (Id.) On March 22, 2012, plaintiffs moved for an extension of time to locate replacement counsel. (Doc. 25). The court granted the request on March 26, 2012, and allotted plaintiffs an additional 45 days to identify replacement counsel or notify the court of their intent to proceed *pro se*. (Doc. 26).

defendant may move to dismiss any claim against it as a result of plaintiffs' failure to prosecute and/or failure to comply with court orders, see FED. R. CIV. P. 41(b) (stating that a defendant may move to dismiss an action against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008), and the court finding that, pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (listing factors to be considered by the district court prior to dismissing a complaint for failure to comply with court orders and rules), plaintiffs, *pro se* parties, are personally responsible for the failure to respond to the motion to dismiss and court order, and that the defendant is prejudiced in its ability to defend against this action by plaintiffs' failure to respond, and given plaintiffs' lack of engagement in this litigation since March 2012, it is hereby ORDERED that defendant's motion to dismiss (Doc. 27) is GRANTED without prejudice.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge